UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

BRIAN SCOTT DRIESENGA and
LORI ANN DRIESENGA,                                    Case No. DG 09-00925
                                                       Hon. Scott W. Dales
              Debtors.                                 Chapter 7

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

When Chapter 7 Debtor Lori Ann Driesenga filed a voluntary petition with this court on January 30, 2009, she was one of several beneficiaries under a revocable *inter vivos* trust (the "Trust"). Approximately two months after the petition date, her father, the grantor under the Trust, died without having revoked or modified its terms. The Debtor and her co-Debtor, Brian S. Driesenga, through counsel, disclosed to the Chapter 7 Trustee, Jeff A. Moyer (the "Bankruptcy Trustee"), the existence of the Trust and the Debtors' contention that Ms. Driesenga's interest as a beneficiary is not included within the property of the estate. The Bankruptcy Trustee takes a different view of Ms. Driesenga's rights under the Trust, and on February 25, 2010 filed a Motion for Turnover of Trust Interest and Proceeds, Life Insurance Interest and Proceeds, and Disclosure of Trust and Life Insurance Information ("Turnover Motion," DN 31).

The court scheduled the Turnover Motion for hearing, which took place in Grand Rapids, Michigan on April 9, 2010. The Debtors, again through counsel, appeared at the hearing and argued against the Turnover Motion, asserting that recent changes to Michigan's statutory

scheme governing trusts and related devices undercut the authorities upon which the Trustee relied.

Because the Debtors did not file formal opposition to the Turnover Motion before the hearing, the court permitted them to file a brief.  With their brief, they also presented various evidentiary documents, but asked the Clerk not to make them part of the public file for "privacy" reasons.  The Clerk accepted the brief for filing, but returned the documents to the Debtors.[1]

In addition to opposing the Turnover Motion, Ms. Driesenga filed a complaint (the "Complaint") in this court against the Bankruptcy Trustee, asking the court to declare that her interests under the Trust are not within the property of her bankruptcy estate. *See Driesenga v. Moyer*, Adv. Pro. No. 10-80309 (the "Adversary Proceeding").  The Bankruptcy Trustee filed an answer (the "Answer"), and the Adversary Proceeding is set for a June 2, 2010 pretrial conference.

In their Complaint, the Debtors contend that the revocable nature of the Trust precluded Ms. Driesenga from having any vested interest as a beneficiary prior to the death of her father. Rather, she merely had an expectancy, comparable to the interest of a beneficiary under a will before the testator's death.  Consequently, because her interest vested post-petition, it is not available for distribution to her creditors through this proceeding.  In his Answer, the Bankruptcy Trustee contends that notwithstanding the revocable nature of the Trust, Ms. Driesenga, upon execution of the Trust and prior to revocation, obtained a vested interest, albeit one subject to defeasance upon revocation. Therefore, because her interest as beneficiary was vested on the

---

[1] Court records are presumptively matters of public concern.  11 U.S.C. § 107(a). The evidentiary support in the brief reportedly included certain trust documents and a prenuptial agreement, among other papers.  Because it was clear that the Debtors did not wish to disclose this information publicly, and equally clear that they neither redacted the documents nor sought an order sealing them, the court directed the Clerk to return the documents to the Debtors without reading them, but with instructions to either redact or file under seal with a motion to seal.  *See* Fed. R. Bankr. P. 9018 and 9037.

petition date, the Trustee claims that interest for the bankruptcy estate under 11 U.S.C. § 541(a)(1).[2] Based upon these pleadings, it appears the parties' primary disagreement relates to the extent of Ms. Driesenga's interest in the Trust on the petition date. As such, a motion for turnover is not the appropriate procedural vehicle for determining the validity, priority, or extent of an interest in property. *In re Creative Data Forms, Inc.*, 41 B.R. 334, 336 (Bankr. E.D. Pa. 1984), *aff'd* 72 B.R. 619 (E.D. Pa. 1985), *aff'd*, 800 F.2d 1132 (3rd Cir. 1986).  As Judge Hopkins explained, "it is well settled that a turnover action is not proper when title to the property or fund sought to be turned over is in dispute." *In re Icelands Ltd.*, 1999 WL 1038245, 4 (Bankr. S.D. Ohio 1999) (citations omitted). In addition to these procedural concerns, the distinction between a turnover motion and an adversary proceeding is not merely a technical one, as the present case indicates.

For example, the nature of the bankruptcy estate's interest, if any, in the Trust assets depends largely upon the grantor's intent. *See Karam v. Law Offices of Ralph J. Kilber*, 655 N.W.2d 614, 624 (Mich. Ct. App. 2002).  Courts generally endeavor to determine such intent from the four corners of the documents and, if necessary, from parole evidence.  *In re Woodworth Trust*, 492 N.W.2d 818, 819 (Mich. Ct. App. 1992).  This may require more discovery than litigants generally pursue in contested matters.  Also, as noted above, for privacy reasons the Debtors are reluctant to make the operative documents a matter of public record. *See supra* note 1. This is presumably because the Trust documents and prenuptial agreement implicate the rights and interests, including privacy interests, of third parties who are not parties to this contested matter or even the bankruptcy case, such as Ms. Driesenga's stepmother who may have rights to former marital property under the Trust.  The rules in the 7000 series provide

---

[2] The Bankruptcy Trustee is also relying on 11 U.S.C. § 541(a)(5) which augments the estate by including certain assets a debtor obtains or becomes entitled to obtain on account of the death of another person, for example under a will, the intestacy laws, or a life insurance policy.

ample means for protecting such interests. *See*, *e.g.*, Fed. R. Civ. P. 19 (joinder), 24 (intervention), 26(c) (protective orders). These rules could apply in a contested matter under Rule 9014, but because the Debtors have already filed the Adversary Proceeding seeking declaratory relief regarding the competing interests in the Trust, it would be more efficient to treat the issues raised in the Turnover Motion as part of the Adversary Proceeding.

Finally, the Debtors have also filed a Motion Regarding Jurisdiction and for Abstention (the "Abstention Motion," DN 41), which is obviously inconsistent with the Complaint filed in this court. Although the Debtors cite 28 U.S.C. § 1334(c)(1) and (c)(2), their abstention motion is not well-taken because (1) there is no pending state court proceeding for the court to defer to, therefore making abstention discretionary; and (2) bankruptcy courts regularly address and resolve complicated issues of state property law, even novel ones. Therefore, there is no special reason to abstain. *See United States v. Butner*, 440 U.S. 48, 55 (1979); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1996). Moreover, the question of what is included within the property of the estate under 11 U.S.C. § 541(a)(1) raises a question of federal law, even if the answer depends to a considerable extent on state law. *In re Graham Square, Inc.*, 126 F.3d 823, 831 (6th Cir. 1997). In any event, the court declines to exercise its discretion to abstain.

Suffice it to say that the issues presented in the Turnover Motion will be more appropriately resolved through the existing Adversary Proceeding in this court which will afford the parties an opportunity for protecting supposed privacy concerns, the rights of non-parties, and discovery, while ensuring an expeditious resolution consistent with the Trustee's duties under 11 U.S.C. § 704(a)(1). In addition, should the parties feel that the matter may be resolved as a matter of law, the court would certainly entertain a motion for summary judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Turnover Motion (DN 31) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Bankruptcy Trustee shall be prepared to discuss at the June 2, 2010 pretrial conference any amendments that he may need to make to his Answer in the Adversary Proceeding resulting from the denial of the Turnover Motion.

IT IS FURTHER ORDERED that the Debtors' Abstention Motion (DN 41) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter a copy of this Memorandum of Decision and Order in the Debtors' base case and in the Adversary Proceeding.

IT IS FURTHER ORDERED that the parties shall appear at the pretrial conference already scheduled to take place on June 2, 2010 in Grand Rapids, Michigan at 11:00 a.m. in connection with *Driesenga v. Moyer*, Adversary Proceeding No. 10-80309.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Jeff A Moyer, Bankruptcy Trustee, James W. Alexander, Esq., attorney for Bankruptcy Trustee, Martin L. Rogalski, Esq. and William R. Farley, Esq., attorneys for Debtors/Plaintiff, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**



Scott W. Dales
United States Bankruptcy Judge

**Dated: May 24, 2010**